UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAWNA S.,<br><br>    Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | CASE NO. C22-1459-BAT<br><br>**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

  Plaintiff Shawna S. seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred by (1) discounting an examining doctor's opinion, (2) relying on erroneous vocational expert testimony, and (3) finding she could frequently handle with her left hand. Dkt. 2. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

  Plaintiff is currently 45 years old, has a high school education, and has past relevant work as a waitress and bartender. Tr. 890-91. She applied for benefits in August 2016, alleging disability as of July 16, 2013. Tr. 204. After her applications were denied initially and on reconsideration, the ALJ conducted a hearing and, on May 31, 2019, issued a decision finding

plaintiff not disabled. Tr. 15-28. Plaintiff sought judicial review and this Court, the Honorable J. Richard Creatura presiding, reversed and remanded for further administrative proceedings. Tr. 990-98. On remand, the ALJ conducted a second hearing and, on June 10, 2022, issued a second decision finding plaintiff not disabled. Tr. 867-94. This appeal followed.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date; she had the following severe impairments: depressive disorder, anxiety disorder, post-traumatic stress disorder (PTSD), opiate use disorder in remission, left thumb fracture status post-surgery, and right-hand derangement; and that these impairments did not meet or equal the requirements of a listed impairment. Tr. 871-72. The ALJ found that plaintiff had the residual functional capacity to perform light work with a sit/stand at will option and with additional lifting, postural and environmental restrictions; she was limited to occasional fingering with her non-dominant left arm and frequent handling with both arms; she was able to perform simple and routine tasks; and she was limited to no contact with the public, could work in proximity to but not in coordination with coworkers, and could have occasional contact with supervisors. Tr. 873-74. The ALJ found that plaintiff could not perform her past work but, as there are jobs that exist in significant numbers in the national economy that she could perform, she was not disabled. Tr. 890-93.

## DISCUSSION

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

of an error that is harmless. *Id.* at 1111. The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id.*

### A. Dr. Zacharias's opinion

Plaintiff argues that the ALJ improperly rejected the opinion of examining doctor David Zacharias, M.D. Dkt. 8 at 9. Because plaintiff filed her application before March 27, 2017, the prior regulations governing the evaluation of medical opinions apply. Under those regulations, more weight should generally be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "clear and convincing reasons." *Id.* at 830-31. Where contradicted, a treating or examining physician's opinion may not be rejected without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Dr. Zacharias performed a psychiatric evaluation of plaintiff in August 2018. Tr. 838-43. He opined that plaintiff's ability to perform simple and repetitive tasks was poor to fair, her ability to perform detailed and complex tasks was poor, and her ability to perform work activities on a consistent basis without special or additional instructions was poor to fair based on her performance on a cognitive exam, psychiatric symptoms, and her ability to concentrate and persist in everyday activities. Tr. 843. He opined that her ability to perform work duties at a sufficient pace was poor to fair based on her ability to perform activities of daily living,

psychiatric symptoms, and her ability to concentrate and persist in everyday activities. *Id.* He opined that her ability to maintain regular attendance in the workplace and complete a normal workday without interruptions was poor to fair based on her psychiatric symptoms, employment history, education history, her performance on the cognitive exam, and activities of daily living. *Id.* He opined that plaintiff's ability to interact with coworkers, supervisors, and the public and her ability to adapt to the usual stresses encountered in the workplace was poor based on plaintiff's interpersonal presentation, her employment history, and her history of social functioning. *Id.*

      The ALJ gave Dr. Zacharias's opinion some weight. Tr. 888. The ALJ found that Dr. Zacharias's opinion was supported by an examination, but the examination was one-time. *Id.* The ALJ found that while Dr. Zacharias is an acceptable medical source, his opinion was vague, noting that it was unclear what Dr. Zacharias meant by terms such as poor or fair. *Id.* The ALJ found that Dr. Zacharias provided degrees of limitation but did not articulate specific mental functional limitations that were vocationally relevant, making the opinion less helpful. *Id.* The ALJ found that overall, Dr. Zacharias's opinion was somewhat consistent with the record as a whole, but only in the general sense, noting that he agreed with Dr. Zacharias that plaintiff has multiple mental health impairments and that her anxiety appears to be the most troubling, that plaintiff's opiate use disorder has largely been in remission and is not material, and that plaintiff has mental health deficits in many areas of functioning. *Id.* The ALJ did not necessarily agree, however, with the degree of limitations suggested by Dr. Zacharias in all areas, finding plaintiff to be moderately mentally limited. *Id.* The ALJ found that specific mental functional limitations are the most important, and Dr. Zacharias failed to provide such limitations with adequate specificity. *Id.* The ALJ stated that the RFC finding provided specific mental functional

limitations that adequately accommodate plaintiff's mental health deficits based on her subjective complaints as tempered by the objective evidence. *Id.*

Plaintiff argues that the ALJ's assessment of Dr. Zacharias's opinion boils down to rejecting it for not being adequately specific because he used the terms "poor" and "fair," rather than rejecting it based on the law or based on whether the opinion is supported by substantial evidence in the record. Dkt. 11 at 7. Plaintiff relies on a prior decision from this Court finding error in an ALJ's rejection of an opinion from Dr. Zacharias for similar reasons. *Id.* (citing *Belanger v. Comm'r Soc. Sec.*, C19-2075-BAT (W.D. Wash. Dec. 22, 2022)). For reasons similar to those expressed in that decision, the Court finds that the ALJ erred in assessing Dr. Zacharias's opinion.

The ALJ's assessment of the opinion begins by noting Dr. Zacharias's status as an acceptable medical source and the fact that he supported his opinion with an examination but the examination was one-time, without assigning any specific weight to these factors. Tr. 888. The bulk of the ALJ's assessment focused on the terms Dr. Zacharias used to indicate the degree of plaintiff's limitations and the areas where the ALJ agreed and disagreed with Dr. Zacharias's opinion. *Id.*

Considering first the ALJ's "disagreement" with Dr. Zacharias's opinion, the Court notes that to discount a medical opinion, the ALJ must do more than offer his conclusions—he must also explain why his interpretation, rather than the treating doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). To allow an ALJ to discount a medical opinion because he "disagrees" with it would obviate the requirement to provide specific and legitimate reasons, based on substantial evidence

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 5

in the record, for discounting medical opinions. The ALJ's disagreement with Dr. Zacharias's opinion does not constitute a specific and legitimate reason to discount it.

Turning to the ALJ's assessment of Dr. Zacharias's use of the terms "fair" and "poor," plaintiff argues that the ALJ's rejection of the terminology used by Dr. Zacharias was based on semantics, and not the law or substantial evidence. Dkt. 11 at 7. In response, the Commissioner, as in *Belanger*, relies on a Ninth Circuit case, *Ford v. Saul*, 950 F.3d 1141 (9th Cir. 2020), to argue that the ALJ could reasonably conclude that Dr. Zacharias's opinion was not helpful in terms of concrete functional limitations. Dkt. 14 at 2. In *Ford*, the court found that descriptions such as "limited" or "fair" were not useful because they failed to specify the claimant's functional limitations. *Ford*, 950 F.3d at 1156. The Commissioner posits that the exact meaning of "fair" and "poor" was open to various reasonable interpretations and the ALJ could reasonably conclude that the vague language was not helpful. Dkt. 14 at 3.

As this Court noted in *Belanger*, the *Ford* court affirmed the ALJ's rejection of a treating physician's opinion because it lacked explanation and because his opinion was contradicted by the record. *Belanger*, C19-2075-BAT, Dkt. 27 at 4. This Court found in *Belanger* that unlike in *Ford*, Dr. Zacharias explained the basis for his opinion and "the only reasonable interpretation of Dr. Zacharias's opinion is Plaintiff suffers from mental health problems that significantly affect his ability to perform work." *Belanger*, C19-2075-BAT, Dkt. 27 at 4. Here, as in *Belanger*, Dr. Zacharias provided the basis for each limitation he opined; these reasons included plaintiff's cognitive testing, psychiatric symptoms, ability to concentrate and persist in everyday activities, ability to perform activities of daily living, employment history, education history, interpersonal presentation, and history of social functioning. Tr. 843. Moreover, the ALJ himself found that Dr. Zacharias's opinion was generally consistent with the evidence in the record. Tr. 888

1  ("Overall, Zacharias' opinion is somewhat consistent with the current record as a whole, but only

2  in a general sense."). The Court concludes that in this case, as in *Belanger*, the only reasonable

3  interpretation of Dr. Zacharias's opinion is that plaintiff suffers from significant mental health

4  problems that significantly affect her ability to perform work.

5       Plaintiff proposes that the terms Dr. Zacharias used correlate to extreme or marked

6  limitations for "poor" and moderate limitations for "fair," and that such limitations would

7  interfere with plaintiff's ability to work. Dkt. 11 at 7-8. She argues that here, as in *Belanger*, Dr.

8  Zacharias's clinical assessment supports his opined limitations and counters the assertion that

9  they were too vague to be considered. *Id.* at 9-10. And she points to this Court's finding in

10 *Belanger* that the ALJ should have developed the record further to resolve any ambiguity in Dr.

11 Zacharias's opinion regarding the precise degree of limitation rather than reject the opinion

12 outright, arguing that the ALJ erred by failing to do so in this case. *Id.* at 10 (citing *Belanger*,

13 C19-2075-BAT, Dkt. 27 at 4). She asks that, in light of the ALJ's repeated failure to adequately

14 support his rejection of Dr. Zacharias's opinion, the opinion should be credited as true and this

15 case remanded for an immediate award of benefits or, in the alternative, for further proceedings

16 with instructions to assign full weight to Dr. Zacharias's opinion. Dkt. 11 at 10.

17      The Court may remand for an award of benefits where (1) the record has been fully

18 developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has

19 failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or

20 medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ

21 would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995,

22 1020 (9th Cir. 2014). Courts have flexibility in applying this rule, and may instead remand for

23

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7

further proceedings where the record as a whole "creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

The Court finds that although the record has been fully developed and the ALJ failed to provide legally sufficient reasons for rejecting Dr. Zacharias's opinion, the Court cannot say that if Dr. Zacharias's opinion were credited as true, the ALJ would be required to find plaintiff disabled. Although plaintiff has proposed an interpretation of the opinion that would establish disability, it is the province of the ALJ, not this Court, to interpret the evidence and make findings of fact. *Thomas*, 278 F.3d at 954. This Court cannot in the first instance make a finding that Dr. Zacharias's opinion mandates a finding of disability based on plaintiff's proposed interpretation of that opinion, no matter how plausible it may be. The Court therefore finds that further administrative proceedings would be useful to allow the ALJ to determine the effect of Dr. Zacharias's opined limitations on plaintiff's residual functional capacity.

In *Belanger*, this Court found that the ALJ should have developed the record to resolve any ambiguity in the opinion regarding the precise degree of limitation rather than reject the opinion outright. *Belanger*, C19-2075-BAT, Dkt. 27 at 4. This is because "[a]mbiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir.1996)). Here, as in *Belanger*, the ALJ's own finding that he was unable to evaluate the opinion should have led him to develop the record.

As plaintiff noted in her argument above, this Court reversed the ALJ's first decision for failing to give valid reasons for discounting Dr. Zacharias's opinion. Tr. 990-91. Plaintiff argues that the ALJ's repeated failure to adequately support his rejection of Dr. Zacharias's opinion

demonstrates that the Commissioner is unable to provide a basis for rejecting his opinion and it should be credited as true. Dkt. 11 at 10. The Court agrees that the ALJ, having twice failed to provide valid reasons to discount Dr. Zacharias's opinion, should not get yet another bite at the apple. Accordingly, the Court directs the ALJ on remand to give credit to Dr. Zacharias's opinion. The Court leaves to the ALJ, however, to determine whether to contact Dr. Zacharias to clarify the degree of limitation he meant by the terms he used, or to make findings of fact regarding the degree of limitation Dr. Zacharias opined, based on the usual meaning of the terms "fair" and "poor" and the explanations and support Dr. Zacharias provided for his opinion.

**B.     Erroneous job numbers**

In finding that there were jobs that exist in significant numbers in the national economy that plaintiff could perform, the ALJ relied on testimony from a vocational expert that contained mathematical errors in calculating job numbers; plaintiff argues that this was harmful error. Dkt. 11 at 10-12. Because the Court is remanding this case for further administrative proceedings, the Court need not determine whether this error was harmful.

**C.     Left-hand handling restriction**

Plaintiff asserts that the ALJ erred in finding that she could frequently, rather than occasionally, handle with her left hand. Dkt. 11 at 12. She notes that the impairment to her left upper extremity is in her thumb, and the VE testified that handling typically involves the use of the thumb, arguing that the ALJ failed to explain how the evidence supported a conclusion that plaintiff's left-hand impairment would result in a limitation to occasional fingering but not occasional handling. Dkt. 11 at 12. The Commissioner responds that the ALJ relied on the opinion of consulting doctor Howard Platter, M.D., who opined that plaintiff had fingering limitations but no handling limitations, and that plaintiff points to no medical opinion that

supports her argument that she had handling limitations equal to her fingering limitations. Dkt. 14 at 6-7.

The Court finds that plaintiff has not established that the ALJ's finding is unsupported by substantial evidence or based on legal error. The VE's testimony that handling involves the use of the thumb does not establish that an impairment in the thumb affects the ability to finger and handle equally. Handling and fingering are different functional abilities, and a limitation in one does not necessarily correlate to the same level of limitation in the other. In addition, the ALJ included a greater handling limitation than that opined by Dr. Platter, and plaintiff has not otherwise shown that the finding is unsupported by the evidence. Plaintiff has not established error in the ALJ's assessment of her handling limitation.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate plaintiff's residual functional capacity; in so doing, the ALJ shall give weight to the opinion of Dr. Zacharias and shall develop the record as necessary to evaluate that opinion. The ALJ shall then proceed to complete the remaining steps of the five-step disability evaluation process, including additional development of the record as the ALJ deems necessary to issue a new decision.

DATED this 27th day of June, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge